1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEHYON KIM,                               No.  2:20-cv-2354 TLN DB PS

12                  Plaintiff,

13         v.                                  ORDER AND
                                               FINDINGS AND RECOMMENDATIONS
14   CAPITAL ONE NATIONAL
     ASSOCIATION,
15

16                  Defendant.

17

18         Plaintiff Sehyon Kim is proceeding in this action pro se.  This matter was, therefore,

19   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20   On December 2, 2020, defendant noticed a motion to dismiss for hearing before the undersigned

21   on January 8, 2021.  (ECF No. 7.)  Pursuant to Local Rule 230(c) plaintiff was to file an

22   opposition or a statement of non-opposition to defendant's motion "not less than fourteen (14)

23   days preceding the noticed . . . hearing date."  Plaintiff, however, failed to file a timely opposition

24   or statement of non-opposition.

25         Accordingly, on January 4, 2021, the court issued an order to show cause, ordering

26   plaintiff to show cause in writing within fourteen days as to why this action should not be

27   dismissed for lack of prosecution, as well as ordering plaintiff to file a statement of opposition or

28   non-opposition to defendant's motion on or before January 29, 2021.  (ECF No. 9.)  Plaintiff was

1

1   warned that the failure to timely comply with that order could result in a recommendation that

2   this case be dismissed.  (Id. at 2.)  Nonetheless, the time provided plaintiff has expired and

3   plaintiff has not responded to the January 4, 2021 order.

4                                                ANALYSIS

5            The factors to be weighed in determining whether to dismiss a case for lack of prosecution

6   are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

7   to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

8   disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of

9   El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

10  1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

11  should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d

12  at 1260.

13           Failure of a party to comply with the any order of the court "may be grounds for

14  imposition by the Court of any and all sanctions authorized by statute or Rule or within the

15  inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

16  without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

17  Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

18  rules and law may be grounds for dismissal or any other sanction appropriate under the Local

19  Rules.  Id.

20           Here, plaintiff has failed to respond to the January 4, 2021 order, and has failed to file a

21  statement of opposition or non-opposition to defendant's motion to dismiss.  Plaintiff was warned

22  that the failure to file a written response to that order could result in a recommendation that this

23  matter be dismissed.  In this regard, plaintiff's lack of prosecution of this case renders the

24  imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of

25  litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all

26  support the imposition of the sanction of dismissal.  Only the public policy favoring disposition

27  on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in

28  any way makes disposition on the merits an impossibility.  The undersigned will therefore

                                                        2

1   recommend that this action be dismissed due to plaintiff's failure to prosecute as well as

2   plaintiff's failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

3            Accordingly, IT IS HEREBY ORDERED that:

4            1.  Defendant's December 1, 2020 motion to dismiss (ECF No. 5) is denied without

5   prejudice as having been rendered moot[1]; and

6            2.  The February 12, 2021 hearing of defendant's motion is vacated.

7            Also, IT IS HEREBY RECOMMENDED that:

8            1.  Plaintiff's complaint (ECF No. 1-2) be dismissed without prejudice; and

9            2.  This action be closed.

10           These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15   shall be served and filed within fourteen days after service of the objections.  The parties are

16   advised that failure to file objections within the specified time may waive the right to appeal the

17   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   Dated:  February 8, 2021

19

20

21                                         DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE
22

23   DLB:6
     DB/orders/orders.pro se/kim2354.dlop.f&rs

24

25

26

27
     _____

28   [1] In the event the assigned District Judge does not adopt these findings and recommendations,
     defendant may re-notice their motion for hearing before the undersigned.

                                              3